UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA L. JOHNSON, | No. 2:12-cv-0381 TLN AC P |
| Petitioner, | |
| v. | ORDER & |
| MILLER, Warden, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

    Petitioner, while a prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2011, petitioner pled guilty to violating probation and was sentenced in Butte County Superior Court to a state prison term of five years and eight months. See Petition at 2. Petitioner states that she was deprived of a fair hearing in violation of the Sixth Amendment and makes the following claims/requests in challenging her sentence: 1) she was not given the benefit of a strike dismissal; 2) she seeks probation credits; 3) she requests a waiver of a 52-week batterer's treatment rehabilitation program as a parole condition. Petition at 6.

    Petitioner's latest notice of change of address (ECF No. 46), filed on April 18, 2013, indicates that she is no longer incarcerated. The CDCR[1] Department Identification Unit confirms that petitioner was released on April 29, 2013.

////

---

[1] California Department of Corrections and Rehabilitation.

1

### Mootness

Petitioner's release from custody strongly suggests that this case has been rendered moot. A case becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Spencer v. Kemna, 523 U.S. 1, 8 (1998). In a habeas case attacking the validity of a prisoner's conviction and criminal sentence, completion of the sentence does not moot the case because the collateral consequences of the conviction create a continuing case or controversy. Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994). However, the presumption of collateral consequences does not apply to habeas cases challenging prison disciplinary decisions, see Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir. 2003), or parole revocations, Spencer, 523 U.S. at 14; Lane v. Williams 455 U.S. 624, 632–33 (1982). Accordingly, a petitioner challenging the revocation of parole must demonstrate the existence of continuing collateral consequences once the term has been served. Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987) (claim moot because petitioner cannot be released from a term imposed for a parole violation once it has been served). The Supreme Court has held that the possibility that a parole revocation could be a detriment to the petitioner in a future parole or sentencing proceeding, or be used to impeach her as a witness in any future litigation, or work against her in a potential future criminal prosecution, are not constitute collateral consequences sufficient to sustain an on-going case or controversy after the revocation sentence has been served. Spencer, 523 U.S. at 14-16.

The undersigned finds that the mootness analysis applicable in the context of an expired parole revocation term is also appropriate in the context of an expired probation revocation sentence.[2] If Petitioner wishes to continue this case, she must therefore demonstrate to the court, within twenty-one days, that she suffers from continuing collateral consequences from her

---

[2] Other district courts have reached the same conclusion. See, e.g., Mosbarger v. Rupf, C 97–917 MJJ (PR), 1998 WL 514022 (N.D. Cal. Aug. 13, 1998) (dismissing as moot habeas petitioner's challenge to a completed probation revocation term where petitioner did not show that continuing collateral consequences flowed from the revocation); see also Stinson v. Sisto, C 06-3585 MMC (PR), 2010 WL 289007 (N.D. Cal. Jan. 15, 2010) (denying certificate of appealability to petitioner whose probation revocation term had expired while petition was pending and who had subsequently failed to show cause how his petition had not thus been rendered moot).

completed probation revocation term that are sufficient to prevent mootness.  See United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999) (applying rationale of Spencer to reject petitioner's challenge to an expired sentence rather than to an underlying criminal conviction).

<u>Miscellaneous Motions</u>

Also pending before the court are several motions/requests filed by petitioner: (1) motion for alternative custody (ECF No. 22); (2) request for "release on condition" (ECF No. 25); (3) a one-sentence motion for an evidentiary hearing; ECF No. 27); and (4) a motion for a certificate of appealability (ECF No. 41).  These requests are each inadequately supported, moot, and/or premature.  For example, petitioner's filing entitled "Evidentiary Hearing Requested" consists of a single fragmented sentence: "Prayer 1. Declaration from the witnesses."  No declaration is included.  Petitioner's sparse motion for alternative custody pending adjudication and her undeveloped request for "release on condition" appear on their faces to have been rendered moot by her physical release from custody.  The motion for a certificate of appealability, apparently predicated on petitioner's erroneous belief that this matter had been adjudicated in October of 2012, is premature as there is no final judgment from which to appeal.  Should this matter proceed and should judgment ultimately be entered against her, petitioner may renew a request for a certificate of appealability at the appropriate time.

Accordingly, IT IS ORDERED that petitioner show cause as set forth above, within twenty-one (21) days, why the petition should not be dismissed as moot.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for alternative custody (ECF No. 22) be denied as moot;

2. Petitioner's request for "release on condition" (ECF No. 25) be denied as moot;

3. Petitioner's defective motion for an evidentiary hearing (ECF No. 27) be denied; and

4. Petitioner's motion for a certificate of appealability (ECF No. 41) be denied without prejudice as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties.  Such a document should be captioned

2 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3 shall be served and filed within fourteen (14) days after service of the objections.  The parties are

4 advised that failure to file objections within the specified time may waive the right to appeal the

5 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6 DATED: July 10, 2013

8 _____
  ALLISON CLAIRE
9 UNITED STATES MAGISTRATE JUDGE

13 AC:009
john0381.mts